```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND
```

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2000 OCT 19 P 2: 56

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| THOMAS MCCLURE, et al. | : | |
| v. | : | CIVIL ACTION NO. JFM-95-3867 |
| SCIENTIFIC SPINAL, et al. | : | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND
```

| | | |
|---|---|---|
| GERTRUDE KRUZE | : | |
| v. | : | CIVIL ACTION NO. JFM-95-3868 |
| SCIENTIFIC SPINAL, et al. | : | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND
```

| | | |
|---|---|---|
| DIANNE DUDAS, et al. | : | |
| v. | : | CIVIL ACTION NO. JFM-95-3869 |
| SCIENTIFIC SPINAL, et al. | : | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND
```

| | | |
|---|---|---|
| KATHLEEN BAUER, et al. | : | |
| v. | : | CIVIL ACTION NO. JFM-96-404 |
| SCIENTIFIC SPINAL, et al. | : | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LUCIANO SORRENTINO | : |
| | : |
| v. | : CIVIL ACTION NO. JFM-96-406 |
| | : |
| SCIENTIFIC SPINAL, et al. | : |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

During the later part of 1995 and the beginning of 1996, the above-captioned personal injury diversity actions were filed in this Court. These cases, together with thousands of other lawsuits filed nationwide against various manufacturers and distributors of vertebral pedicle fixation devices used in spinal fusion surgeries, were transferred to the United States District Court for the Eastern District of Pennsylvania and made a part of the ongoing multidistrict pedicle bone screw litigation then before the Honorable Louis C. Bechtle.

In February 1998, after completion of discovery and resolution of non-case-specific legal issues, these cases were remanded to this District for pretrial purposes. On October 18, 1999 summary judgment was entered in favor of defendant and against plaintiffs in each of these cases. Having consolidated these cases for appellate purposes, the United States Court of Appeals for the Fourth Circuit on October 16, 2000 dismissed the parties' appeals and cross-appeals. Accordingly, the Bills of Cost submitted by defendant in each of these cases (*see*, respectively, Paper Nos. 24, 23, 50, 28 and 43) are ready for review.

Defendant seeks from each plaintiff a total of $33,646.97 for copying expenses related to discovery materials requested by the Plaintiffs' Liaison Committee ["PLC"]. While this Court in some circumstances might grant all or a portion of this request under 28 U.S.C. §1920(4), it will decline to do so here.

As noted by plaintiffs in their objection to taxation of costs, the $33,646.97 for copy cost was incurred as a result of defendant's bad faith failure to make proper discovery during the MDL proceedings. *See* Judge Bechtle's June 3, 1998 PreTrial Order 1470, attached as Exhibit A to Paper No. 29 in Civil Action No. JFM-96-404. Furthermore, the cost of the copy work was incurred and paid in full by the PLC – *not defendant* – and was awarded by Judge Bechtle in his Order to the PLC as a sanction against defendant for its abuse of the discovery process.

To date, defendant has not paid the sanction to the PLC, and thus remains in contempt of Judge Bechtle's June 3, 1998 Order. Defendant provides no statutory or case law precedent in support of its argument that the sanction should be purged and in essence shifted to plaintiffs as an item of cost under §1920(4). Upon review, the undersigned does not believe support for this position exists. Accordingly, a separate Order shall be entered denying defendant's requests for taxation in each of the above-captioned cases.[1]

_October 19, 2000_
(Date)

J. Frederick Motz
United States District Judge

---

[1] To the extent that the unresolved taxation motions have impeded the PLC's ability to seek a contempt ruling based on defendant's failure to satisfy Judge Bechtle's June 3, 1998 Order, such impediment now has been lifted.